Kenneth A. Okazaki (USB # 3844)
Andrew G. Stone (USB # 4921)
Preston P. Frischknecht (USB # 11286)
JONES WALDO HOLBROOK & McDONOUGH PC
*Attorneys for Xlear, Inc.*
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| XLEAR, INC., a Utah corporation, and JONES BOZEMAN FAMILY LIMITED PARTNERSHIP, | : : : : | **COMPLAINT FOR PATENT INFRINGEMENT AND/OR LANHAM ACT VIOLATIONS** |
| Plaintiffs, | : : | |
| vs. | : : | Civil No. 2: 08-cv-629 |
| PROHEALTH, INC., a California corporation, and RICH CARSON, an individual, and JOHN DOES 1-100,000, individuals. | : : : : : | Judge Dale A. Kimball  **JURY DEMAND** |
| Defendants. | : | |

Plaintiffs Xlear, Inc. ("Xlear") and Jones Bozeman Family Limited Partnership ("JBFLP") (collectively "Plaintiffs"), through their undersigned counsel, bring this complaint against Defendants ProHealth, Inc., Rich Carson, and JOHN DOES 1-100,000 (collectively "Defendants") as follows:

853699.1

## PARTIES

1. Xlear is a Utah corporation doing business in the State of Utah and having a principal place of business at 119 North 1380 West Orem, Utah 84057.

2. JBFLP is a limited partnership with its principal place of business at 812 West 8th, Suite 2A, Plainview, Texas 79072.

3. On information and belief, Defendant ProHealth is a California corporation, having a principal place of business at 2040 Alameda Padre Serra #101, Santa Barbara, CA 93103.

4. On information and belief, Defendant Rich Carson is a California resident and the founder, president, and registered agent of Defendant ProHealth at the above address.

5. On information and belief, Defendants John Does1-100,000 are purchasers and users of Defendant ProHealth's products, described below, and will be more particularly identified through discovery.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement under the patent laws of the United States and, more specifically, under 35 U.S.C. §§ 271, 281, 283, 284 and 285. In the alternative, this action involves violations of the federal Lanham Act, 15 U.S.C. § 1125(a). Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 because this action arises under federal law.

6. Personal jurisdiction lies in this matter because Defendant ProHealth solicits and conducts its business through fully interactive websites—www.prohealth.com and www.immunesupport.com—and has sold infringing product through the same to residents of the State of Utah. Defendant Carson has introduced into the stream of commerce infringing product

2

853699.1

directly through his company—Defendant ProHealth—knowing that ProHealth would market and sell such product to Utah residents.  Defendant Carson, through control of his company, has also caused Defendant ProHealth's marketing and sale of the infringing product to Utah residents.

7.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1400 and 1391(b) and (c).

8.  U.S. Patent No. 6,054,143 ("the '143 patent") was issued on April 25, 2000, bearing the title "Xylitol Delivery" (Exhibit A).  The '143 patent relates generally to a method of nasal application of Xylitol.

9.  U.S. Patent No. 6,258,372 ("the '372 patent") was issued on July 10, 2001. (Exhibit B).  The '372 patent relates generally to a nasal wash formulation containing Xylitol.

10. JBFLP is the owner of the '143 and '372 patents through assignment.

11. Xlear is the exclusive licensee of the '143 and '372 patents.

12. The '143 and '372 patents have not expired and are in full force and effect.

## GENERAL ALLEGATIONS

13. Plaintiffs incorporate the preceding allegations as though set forth fully herein.

14. Dr. Alonzo H. Jones ("Dr. Jones"), the inventor of the technologies claimed in the '143 and '372 patents, began his research on the effects of Xylitol in response to his granddaughter's frequently recurring earaches.

15. Dr. Jones, who was an independent family physician practicing in Hale Center, Texas, studied the research pointing to the anti-bacterial affects of Xylitol in the prevention of tooth decay.  Dr. Jones also recognized that many infection-causing bacteria enter through the nose, and that chronic inadequate nasal hygiene accounts for most upper respiratory infections

3

853699.1

including Otitis media (middle ear infections), asthma, sinusitis, and allergies.

16. Applying the information obtained in his research in a novel way, Dr. Jones experimented on the effects and benefits of nasal formulations containing Xylitol.

17. Through his experimentation Dr. Jones discovered that Xylitol administered through the nose did have a beneficial and/or preventative effect on a variety of upper respiratory bacterial infections.

18. A provisional patent application related to this discovery (Application No. 60/079184) was filed with the U.S. Patent and Trademark Office (USPTO) on March 24, 1998. Two non-provisional U.S. patent applications (Application Nos. 09/220,283 and 09/517,929) were subsequently filed claiming priority to the provisional application. These non-provisional applications issued as the '143 and the '372 patents respectively.

19. Due to the long felt need for Dr. Jones' inventions, sales of Xlear nasal washes and sprays incorporating the patented technology were and continue to be substantial.

20. Xlear has recently become aware that Defendants are selling or offering to sell through Defendant ProHealth's websites—www.prohealth.com and www.immunesupport.com—and mail order catalogs a powdered product containing Xylitol, together with a kit (collectively "XyliRinse™" or "nasal wash product"), that contains instructions for mixing the powdered product into a solution and administering it as a nasal wash. A copy of the representative sales materials are attached hereto as Exhibit C.

853699.1

## FIRST CAUSE OF ACTION

**(Direct Patent Infringement–Defendants John Does 1-100,000)**

21.     Plaintiffs incorporate the preceding allegations as though set forth fully herein.

22.     On information and belief, Defendants John Does 1-100,000—who are consumers of XyliRinse™—directly infringe, either literally or by equivalents, one or more claims in the '143 patent by using a method of cleaning the nasopharynx in a human in need of said method which comprises nasally administering an effective amount of xylitol/xylose in solution, including through drops.

23.     On information and belief, John Does 1-100,000 directly infringe, either literally or by equivalents, one or more claims in the '372 patent by making a nasal formulation that includes by weight approximately 100 parts of water, and approximately between 65 parts to 1 part of xylitol/xylose (or in other words, an "effective amount of xylitol/xylose"), and between 0.95 and 0.45 parts of sodium chloride.

24.     Defendants' conduct constitutes direct patent infringement.

25.     On information and belief, some or all of Defendants John Does have conducted themselves in the foregoing manner with knowledge of the '143 and '372 patents, and therefore Defendants' direct infringement is considered to be willful.

26.     On information and belief some or all of Defendants John Does will continue to willfully, wantonly, and deliberately engage in acts of direct infringement without regard to JBFLP's patents, or Xlear's exclusive license thereto, and will continue to do so unless otherwise enjoined by this court.

853699.1

27.     The amount of money damages which JBFLP and Xlear have suffered due to Defendants John Does' acts of direct infringement cannot be determined without an accounting and is thus subject to proof at trial.  The harm to JBFLP and Xlear arising from Defendants John Does' acts of direct infringement of the '143 and '372 patents is not fully compensable by money damages and further results in irreparable harm to JBFLP and Xlear.

## SECOND CAUSE OF ACTION

**(Contributory Patent Infringement, 35 U.S.C. § 271(c)–Defendants Carson and ProHealth)**

28.     Plaintiffs incorporate the preceding allegations as though set forth fully herein.

29.     Defendants Carson and ProHealth's marketing and sale of XyliRinse™ causes direct infringement by Defendants John Does and is therefore conduct constituting contributory infringement.

30.     On information and belief, Defendants Carson and ProHealth have conducted themselves in the foregoing manner with knowledge of the '143 and '372 patents, and that XyliRinse™ is especially made or adapted for infringement, and therefore Defendants' contributory infringement is considered to be willful.

31.     On information and belief Defendants Carson and ProHealth will continue to willfully, wantonly, and deliberately engage in acts of contributory infringement without regard to JBFLP's patents, or Xlear's exclusive license thereto, and will continue to do so unless otherwise enjoined by this court.

32.     The amount of money damages which JBFLP and Xlear have suffered due to Defendants Carson and ProHealth's acts of contributory infringement cannot be determined without an accounting and is thus subject to proof at trial.  The harm to JBFLP and Xlear arising

from Defendants Carson and ProHealth's acts of contributory infringement of the '143 and '372 patents is not fully compensable by money damages and further results in irreparable harm to JBFLP and Xlear.

### THIRD CAUSE OF ACTION

**(Patent Infringement by Inducement, 35 U.S.C. § 271(b)–Defendants Carson and ProHealth)**

33. Plaintiffs incorporate the preceding allegations as though set forth fully herein.

34. Through their marketing and sale of XyliRinse™, along with provision of instructions for making a nasal wash product that infringes the '143 and '372 patents, Defendants Carson and ProHealth actively and knowingly aid and abet the direct infringement of Plaintiffs' patents by Defendants John Does 1-100,000.

35. Defendants' conduct in doing so constitutes patent infringement by inducement.

36. On information and belief, Defendants Carson and ProHealth have conducted themselves in the foregoing manner with knowledge of the '143 and '372 patents, and therefore their infringement by inducement is considered to be willful.

37. On information and belief Defendants Carson and ProHealth will continue to willfully, wantonly, and deliberately engage in acts infringement by inducement without regard to JBFLP's patents, or Xlear's exclusive license thereto, and will continue to do so unless otherwise enjoined by this court.

38. The amount of money damages which JBFLP and Xlear have suffered due to Defendants' acts of infringement by inducement cannot be determined without an accounting and is thus subject to proof at trial. The harm to JBFLP and Xlear arising from Defendants' acts of infringement by inducement of the '143 and '372 patents is not fully compensable by money

damages and further results in irreparable harm to JBFLP and Xlear.

## FOURTH CAUSE OF ACTION

**(Violation of Federal Lanham Act, 15 U.S.C. § 1125(a)–Defendants Carson and ProHealth)**

39. Plaintiffs incorporate the preceding allegations as though set forth fully herein.

40. In the alternative, if Defendants Carson and ProHealth claim that its nasal product does not infringe the the '143 and '372 patents, Defendants have made, and will continue to make, false and/or misleading statements about its nasal wash product in advertisements by implying that its product contains an effective amount of xylitol. *See* Exhibit C.

41. The false and/or misleading statements regarding Defendants Carson and ProHealth's nasal wash product actually deceive or tend to deceive a substantial portion of potential customers.

42. The false and/or misleading statements are material in that it is likely to influence the purchasing decisions of potential customers.

43. Defendants Carson and ProHealth caused the false and/or misleading statements as well as their nasal wash product to enter interstate commerce.

44. As a result of Defendants Carson and ProHealth's actions, Plaintiffs have been, and will continue to be, damaged, in an amount to be determined at trial.

45. Plaintiffs have incurred legal fees and costs as a result of Defendants' intentional, deliberate, and willful misconduct, for which Plaintiffs seek compensation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A.For a judgment holding Defendants liable for infringement of the '143 and '372 patents;

B.For a preliminary and permanent injunctive relief enjoining Defendants, their officers, agents, servants, employees and attorneys and all other persons in acts of concert or participation with Defendants from further infringement of the '143 and '372 patents;

C.In the alternative, for a judgment holding that Defendants Carson and ProHealth have violated the federal Lanham Act, 15 U.S.C. § 1125(a) for false and/or misleading advertising;

D.In the alternative, for a preliminary and permanent injunctive relief enjoining Defendants Carson and ProHealth, their officers, agents, servants, employees and attorneys and all other persons in acts of concert or participation with Defendants Carson and ProHealth from advertising its nasal wash product with xylitol in a false or misleading manner.

E.For an award to JBFLP and Xlear of their damages and that such damages be trebled in view of the willful and deliberate nature of Defendants' infringements;

F.Requiring that Defendants account to JBFLP and/or Xlear for all the gains, profits and advantages realized from their infringement and unlawful use of the inventions patented and described in the '143 and '372 patents;

G.That this be declared an exceptional case and that Plaintiffs be awarded their attorney's fees;

H.For an award of Plaintiffs' costs of this action; and

853699.1

  I. For an award of Plaintiffs prejudgment interest on any amounts of actual damages; and

  J. For such other and further relief to which this court deems Plaintiffs may be entitled in law and in equity.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all appropriate factual and legal issues.

Dated this 20th day of August, 2008.

        JONES WALDO HOLBROOK & McDONOUGH PC


        By:   /s/ Preston P. Firschknecht
         Kenneth A. Okazaki (USB # 3844)
         Andrew G. Stone (USB # 4921)
         Preston P. Frischknecht (USB # 11286)
         *Attorneys for Plaintiffs*